**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4171**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

TIAYON KARDELL EVANS,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Raymond A. Jackson, District
Judge.  (CR-04-99)

———————

Submitted:  November 30, 2005       Decided:  December 30, 2005

———————

Before WILKINSON, WILLIAMS, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Simon H. Scott, III, SAMS & SCOTT, P.C., Norfolk, Virginia, for
Appellant.  Paul J. McNulty, United States Attorney, Michael J.
Elston, Sherrie S. Capotosto, Assistant United States Attorneys,
Norfolk, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Tiayon Kardell Evans was convicted after a bench trial, of conspiracy to distribute and possess with intent to distribute heroin and cocaine base, two counts of distribution of cocaine base, two counts of distribution of heroin, one count of possession with intent to distribute heroin, one count of possession with intent to distribute cocaine base, and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(A)(iii), (b)(1)(B)(iii), (b)(1)(C) (2000), and 18 U.S.C. § 924 (c)(1)(A) (2000). The district court sentenced Evans to 240 months' imprisonment.

On appeal Evans asserts the district court erred by denying his motion to suppress and denying his motion for judgment of acquittal based on insufficiency of the evidence. After thoroughly reviewing the record, we affirm Evans' conviction and sentence.[*]

Evans claims that the search warrant, issued to investigate theft of power, was a pretense to search the home for drugs. He also argues that the police officers' protective sweep, during which the drugs were discovered, was overly broad. This court reviews the district court's factual findings underlying a

---

[*]Evans has not raised a claim under United States v. Booker, 125 S. Ct. 738 (2005), or Blakely v. Washington, 542 U.S. 296 (2004). Indeed, he raises no challenge to his sentence. Thus, he has waived review of the sentence.

motion to suppress for clear error, and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Photogrammetric Data Servs., Inc., 259 F.3d 229, 237 (4th Cir. 2001). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). In reviewing the propriety of issuing a search warrant, the relevant inquiry is whether, under the totality of the circumstances, the issuing judge had a substantial basis for concluding that there was probable cause to issue the warrant. Illinois v. Gates, 462 U.S. 213, 238 (1983). The facts presented to the issuing judge need only convince a person of reasonable caution that contraband or evidence of a crime will be found at the place to be searched. Texas v. Brown, 460 U.S. 730, 742 (1983). After reviewing the record, we conclude that there was a substantial basis to find probable cause to issue the warrant.

The police officers entered the premises pursuant to a valid search warrant, and during a protective sweep, they discovered the contraband in plain view. The officers obtained a second warrant after seeing the contraband. On these facts, the court properly denied Evans' motion to suppress.

Evans next claims the district court erred when it denied his motion for a judgment of acquittal based on insufficiency of the evidence. This court reviews the district court's decision to

deny a motion for judgment of acquittal de novo.  United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001).  If the motion was based on insufficiency of the evidence, the verdict must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it.  Glasser v. United States, 315 U.S. 60, 80 (1942).  "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).  In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved contradictions in testimony in favor of the government.  United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

After thoroughly reviewing the record, we find the evidence sufficient to convict Evans.  Multiple witnesses testified that Evans purchased and sold heroin and cocaine base, and also carried a gun to drug deals.  In addition, heroin, cocaine base, and a handgun were seized at Evans' apartment.  Evans only attacks the credibility of the witnesses, which we decline to review.  Romer, 148 F.3d at 364.

Accordingly we affirm Evans' conviction and sentence.  We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                    <u>AFFIRMED</u>